IN RE WEIMER.

(No. 47526—Decided July 9, 1984.)

*John T. Corrigan*, prosecuting attorney, for appellee.

*Paul Mancino, Jr.*, for appellant.

*Per Curiam.* This is an appeal from a judgment of the Court of Common Pleas of Cuyahoga County, Juvenile Court Division, in an action charging the defendant as a delinquent child. From the judgment finding defendant delinquent, he appeals. Appellant's assignments of error concern the referee's actions in failing to comply with the provisions of Juv. R. 40.

On April 20, 1983, five complaints were filed against appellant in juvenile court. Complaints Nos. 1 and 2 charged him with assault; No. 3 with trespassing; No. 4 with vandalism; and No. 5 with menacing. A hearing on the complaints was held before a referee on June 24, 1983. After the evidence was presented, appellant was found delinquent as to Complaints Nos. 1 and 5 and was found not delinquent as to Complaints Nos. 2, 3, and 4. On July 5, 1983, appellant filed objections and exceptions to the report of the referee. On July 22, 1983, the trial court reserved judgment on appellant's objections and requested the referee to supply a statement as to the evidence in the hearing. A supplemental report of the referee was filed on July 26, 1983, but no copy was served on either appellant or his counsel. The court, on August 19, 1983, approved the report of the referee. Thereafter, appellant filed an appeal.

### Assignment of Error No. 1

"The juvenile court committed prejudicial error in approving the report of the referee, when the referee failed to file and serve a copy of the report on either the appellant or his counsel."

### Assignment of Error No. 2

"The court committed prejudicial error in approving the report of the referee when the same is not a proper report."

Appellant argues that because he was not provided a copy of the supplemental report of the referee when one was furnished the court, there is prejudicial error pursuant to Juv. R. 40. Appellant also argues that the referee's original report, along with the supplemental report, are deficient because they merely contain a summary of the evidence presented to the referee and provide no explanation as to how he reached his decision. Since these assignments of error are related in law and fact, they will be dealt with together.

Juv. R. 40(D) provides in relevant part:

"(1) Contents and filing. The referee shall prepare a report upon the matters submitted to him by the order of reference or otherwise. He shall file the report with the judge and forthwith provide copies to the parties. The report shall set forth the findings of the referee upon the case submitted to him, together with his recommendation as to the judgment or order to be made in the case in question * * *.

"(2) Objections to report. A party may, within fourteen days of the filing of the report, serve and file written objections to the referee's report. Such objections shall be considered a motion. Objections shall be specific and state with particularity the grounds therefor. Upon consideration of the objections the court may: adopt, reject or modify the report; hear additional evidence; return the report to the referee with instructions; or hear the matter itself.

"* * *

"(5) When effective. The report of a referee shall be effective and binding only when approved and entered as a matter of record by the court."

We agree with appellant that he was prejudiced by the referee's failure to

132

serve him with a copy of the supplemental referee's report. Appellant objected to the original referee's report because there was a complete lack of factual findings upon which the trial court could make an independent analysis of the case. In the supplemental report, the referee attempted to remedy that problem by supplying a lengthy summary of the evidence heard. However, appellant was deprived of any opportunity to review the supplemental report and the summary of evidence contained therein. Accordingly, appellant was also deprived of the opportunity to object to anything in the supplemental report with which he did not agree. Thus, even had he so desired, appellant was unable to comply with the requirements of Juv. R. 40(D)(2).

We do not agree with appellant's contention that the report of the referee is not proper. While the original report of the referee was clearly not in compliance with Juv. R. 40(D)(1), the original and supplemental reports of the referee, when viewed together, adequately meet the requirements of the rule. Therefore, while appellant's first assignment of error is well-taken, his second assignment of error is not.

For the reasons adduced above, the judgment of the trial court is reversed and the case is remanded for further proceedings consistent with this opinion.

*Judgment reversed*
*and cause remanded.*

CORRIGAN, NAHRA and ANN MC-MANAMON, JJ., concur.